IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>    )<br>  *Plaintiff*,    )<br>    )<br>  v.    )<br>    )<br>YOUSIF Y. PIRA,    )<br>    )<br>  *Defendant.*    ) | No. 15 CR 50011-3<br><br>Judge Virginia M. Kendall |

## MEMORANDUM ORDER AND OPINION

Defendant Yousif Y. Pira has moved for a new trial pursuant to Federal Rule of Criminal Procedure 33. Pira claims a new trial is warranted due to newly discovered evidence from a witness named Jerry Saylor. The testimony of Pira's proffered witness is not only strongly against the weight of the evidence but is also immaterial as to whether or not the marijuana conspiracy he was convicted as a part of involved 1,000 or more plants. Because Pira has not shown that he is entitled to a new trial based on his alleged newly discovered evidence, his motion for new trial (Dkt. 371) is denied.

### BACKGROUND

On July 13, 2017, a jury found Pira guilty of (1) conspiring to manufacture 1,000 or more marijuana plants from January 2, 2013 through January 6, 2015 in Rockford, Illinois in violation of 21 U.S.C. § 841(a)(1), (2) to knowingly and intentionally manufacturing a controlled substance—1,000 or more marijuana plants in this case, and (3) to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and

1

846. (Dkt. 289.) As part of the conspiracy, Pira was found guilty alongside co-defendants Jeremiah N. Clement, George Bacus, Justin Paglusch, Shlimon Shimon, Casey Williams, and Destiny Freeman. (*Id.*)

At Pira's trial, the Government presented multiple witnesses in order to establish Pira's involvement in the conspiracy to manufacture 1,000 or more marijuana plants. Witnesses, including George Bacus and Destiny Freeman, testified that between 2014 and 2015, the fourth floor of the warehouse stored between 1,250–2000 plants. (Dkt. 320 at 206, 266.) These witnesses were members of the conspiracy, worked in the warehouse, and had some familiarity with the contents contained on the fourth floor. (*Id.* at 205–206, 263–66.) Additionally, at trial the Government introduced Pira's own statements to investigating agents, in which Pira admits that the marijuana conspiracy involved 1,000 plants that Pira saw personally. (*Id.* at 104; Government Exhibit 1.)

Pira filed has filed three prior motions for new trial. (Dkt. 311, 326, 350). Most relevant here is his third motion for new trial. On November 17, 2017, Pira filed his third motion for a new trial, citing newly discovered evidence. (Dkt. 350.) In the motion, Pira identifies Jerry Saylor as a new witness who had been on the fourth floor of the warehouse in question more than ten times in November and December of 2014, and as someone who "has the exact number of plants and lights in the building." (Dkt. 350 at 2.) Pira additionally claimed to have discovered evidence that law enforcement officers had promised to document his entire statement prior to him giving his statements. (*Id.* at 3.) The Court struck the motion because Pira was still represented

by retained counsel in the case. (Dkt. 351 at 1.) The Court indicated, however, that Pira's motion would have been denied in any case, as Mr. Saylor's purported testimony was speculative and unsupported by an affidavit and Pira was necessarily present when any promise was made to him by law enforcement officers, such that it does not constitute newly discovered evidence. (*Id.* at 2.) The Court also noted that Pira had failed to explain how such evidence would have resulted in an acquittal. (*Id.*)

On December 1, 2017, Pira was sentenced to ten years imprisonment—the statutory mandatory minimum sentence for violation of 21 U.S.C. § 846. (Dkt. 354 at 1–2.) Pira appealed his conviction and sentence. (Dkt. 358.) On appeal, Pira's counsel moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967). The Seventh Circuit granted the motion to withdraw and dismissed Pira's appeal. (Dkt. 368–370.)

On December 10, 2017, Jerry Saylor wrote a one-page affidavit stating that he had "personally been in the 1916 11th Street" warehouse, on all four floors, twice a week between November 15 until mid-December of 2015. (Dkt 371-1; Dkt. 374-1 at 3.) Further, Saylor gives a detailed grid description of the fourth floor, including the exact number of plants, and the dimensions of the plants. (*Id.*)

On February 19, 2019, Pira filed a fourth motion for a new trial pursuant to Federal Rule of Criminal Procedure 33. (Dkt. 371.) Pira attached Saylor's 2017 affidavit to his new motion, claiming that Pira's statements qualify as newly discovered evidence that the marijuana growing conspiracy involved less than 1,000 plants. (*Id.* at 1–5.) Pira additionally made arguments regarding the credibility of

other government witnesses at trial and his trial counsel's performance. (*Id.* at 6–20.) On March 6, 2019, Saylor signed a second affidavit that contradicted his statements from 2017. (Dkt. 374-1.) In the 2019 affidavit, Saylor states that one night, sometime before December 25, 2014, he broke into the warehouse and, over the course of 10–15 minutes, with only a small "Maglight" to aid his sight, he took fifteen ounces of weed and placed it into a plastic shopping bag. (*Id.* at 1–2.) Saylor additionally states that he never returned to the warehouse, he had only taken a "rough count" of the plants that night (between 540–630 plants), that Pira had previously misstated how many times Saylor had seen the marijuana grow, and that Pira had supplied Saylor the address of the warehouse in his previous affidavit. (*Id.* at 2.)

## ANALYSIS

On a defendant's motion, Federal Rule of Criminal Procedure 33(b)(1) allows a court to vacate any judgment against the defendant and grant a new trial where new evidence has been discovered. Fed. R. Crim. P. 33(b)(1). In order for this Court to grant a motion for a new trial pursuant to Rule 33(b)(1), the defendant must "provide evidence that (1) came to his knowledge only after trial; (2) could not have been discovered sooner through the exercise of due diligence; (3) is material and not merely impeaching or cumulative; and (4) would probably lead to an acquittal in the event of a retrial." *United States v. Westmoreland*, 712 F.3d 1066, 1072 (7th Cir. 2013)); *see also United States v. O'Malley*, 833 F.3d 810, 813 (7th Cir. 2016).

Pira urges that his submission of Saylor's December 10, 2017 affidavit be used to prove that the warehouse in question contained less than 1,000 plants and that,

therefore, Pira did not violate 21 U.S.C. § 841(a)(1). Setting aside the first question as to whether a 2017 affidavit could possibly constitute new evidence, the Court would still need to find that the introduction of Saylor as a new witness would lead to an acquittal regarding the jury's finding that the conspiracy involved 1,000 or more marijuana plants. Saylor's testimony, however, is against the weight of the evidence and possibly incriminating because the second affidavit states that Pira was feeding him the information in the first affidavit.

First, Pira admitted in his statement to authorities that the warehouse contained more than one marijuana grow. (Dkt. 139 at 5.) Government witnesses' trial testimony asserted that Pira and others conspired to manufacture and distribute 1,000 or more marijuana plants between January 2, 2013 and January 6, 2015. (*See, e.g.*, Dkt. 320 at. 273.) Government witness testimony accounts for the fact that the number of plants in the warehouse fluctuated at times, including a harvest of the plants in December of 2014. (*Id.*) Further, one of the witnesses, Freeman, testified to the existence of a marijuana clone room within the warehouse at the relevant time containing approximately 480 clone plants—a room that Saylor seemingly did not see. (Dkt. 320 at 272–273, 275.) Even if Saylor's statement regarding the existence of 540–630 plants in one room of the warehouse on one night in December of 2014 were believed by the jury, his statement would not contradict the testimony of the government witnesses and Saylor's own admission that the marijuana conspiracy involved 1,000 or more marijuana plants between January 2, 2013 and January 6,

2015. Consequently, Saylor's statements are immaterial as to whether or not the conspiracy involved 1,000 or more marijuana plants within the relevant timeframe.

Second, the credibility of both Pira and Saylor's wavering statements—statements that are against the weight of the evidence—would be subject to the scrutiny of the jury and would be extremely unlikely to lead to an acquittal. Saylor's first affidavit is highly suspect due to his subsequent statement that he was only in the building for a short period of time one night in the dark. Further, he states that Pira himself provided information for him to put in the affidavit such as the address of the building. If this testimony had been admitted at trial it would not contradict Pira's own admissions nor would it be given much weight due to the two conflicting statements made by Saylor. It cannot be said that these two conflicting statements, if admitted at the time of trial, would have led the jury to acquit.

Regarding the government's purported promise to document Pira's interviews, this Court echoes the sentiment of the previous court during trial—the defendant was necessarily present when any promise was made to him by law enforcement officers, such that it does not constitute newly discovered evidence. (Dkt. 351 at 2); *see also United States v. Eads*, 729 F.3d 769, 780 (7th Cir. 2013) (holding that in order to receive a new trial based on newly discovered evidence, defendants must demonstrate that the evidence came to his knowledge only after trial).

Pira attacks the credibility of the government witnesses and the performance of his attorney at trial. (Dkt. 371 at 6-20.) However, he does not explain how this evidence entitles him to a new trial, nor could he since it is immaterial. As it stands,

6

there was sufficient evidence against Pira supported by his own admissions that contradict the Saylor affidavit. That contradiction is also watered down by Saylor's second affidavit contradicting himself.

Rule 33 consists of four requirements and a party must satisfy all four in order for a court to grant a new trial. Because Pira cannot show that his evidence is material or that it would lead to an acquittal. He is not entitled to a new trial.

## CONCLUSION

Defendant Pira has failed to show that his alleged newly discovered evidence is material as to whether or not the marijuana conspiracy he was convicted of participating in involved 1,000 or more marijuana plants between January 2, 2013 and January 6, 2015. Pira has also failed to show that a retrial would likely lead to an acquittal. For these reasons, Pira's motion for a new trial (Dkt. 371) is denied. Consequently, Pira's motion for a new bond (Dkt. 385) is denied.

_____
Virginia M. Kendall
United States District Judge

Date: June 9, 2020