IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA </br></br>v.</br></br>YOUSIF Y. PIRA. | ) </br> ) No. 15 CR 50011-3 </br> ) </br> ) Judge Virginia M. Kendall </br> ) </br> ) </br> ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Yousif Pira's unopposed Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)(i). (Dkt. 399). Because Pira can show extraordinary and compelling circumstances exist and he does not pose a danger to his community, he is entitled to relief under 18 U.S.C. § 3582.

## BACKGROUND

On April 21, 2015, Pira was charged with conspiracy to manufacture 1,000 or more marijuana plants and to distribute marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1). (Dkt. 1).[1] A jury found Pira guilty of the charges against him on July 13, 2017, at which point Pira's bond was revoked and he entered federal custody. (Dkt. 288; Dkt. 405 at 1). On December 1, 2017, this Court sentenced Pira to the mandatory minimum 120 months' imprisonment to be followed by 5 years' supervised release. (Dkt. 354). Pira reported to the Federal Correctional Institution, Elkton ("FCI

---

[1] A subsequent superseding indictment filed on October 6, 2015, charged Pira with the exact same offense. (Dkt. 57).

Elkton"), located in Lisbon, Ohio, on December 6, 2017. (Dkt. 399 at 11, 13; Dkt. 405 at 2). As of March 30, 2021, Pira had served approximately 37% of his sentence. (Dkt. 405 at 10). Pira's projected release date is January 13, 2026. (Dkt. 405 at 2).

## LEGAL STANDARD

Pira moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) based on "extraordinary and compelling" circumstances. 18 U.S.C. § 3528(c)(1)(A)(i). Defendants may move for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3528(c)(1)(A). The Court must consider the "factors set forth in section 3553(a) to the extent that they are applicable" and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). U.S.S.G. § 1.B1.13 further requires that the "defendant is not a danger to the safety of any other person or to the community." The Application notes to U.S.S.G. § 1.B1.13 provide that extraordinary and compelling reasons may be triggered by certain medical conditions, age, family circumstances of the defendant, and other causes. U.S.S.G. § 1.B1.13, cmt. n. 1.

## DISCUSSION

### I. Compassionate Release under the First Step Act

Defendants may petition the courts directly for compassionate release after the earlier of either: (1) fully exhausting "all administrative rights to appeal a failure of

the Bureau of Prisons to bring a motion on the defendant's behalf" or (2) after 30 days of the facility warden receiving the defendant's request for compassionate release. 18 U.S.C. § 3582(c)(1)(A). Pira has fully exhausted his administrative remedies. On April 20, 2020, Pira submitted an administrative request for compassionate release. (Dkt. 405 at 6). On June 29, 2020, Pira's motion was denied. (Dkt. 399 at 16).

The sentencing court may reduce an imposed sentence upon a showing of "extraordinary and compelling reasons" warranting a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Court must first find the reduction conforms with "applicable policy statements issued by the Sentencing Commission" and, second, consider "the factors set forth in 18 U.S.C. § 3553(a)." 18 U.S.C. § 3582(c)(1)(A).

### A. U.S. Sentencing Commission Policy Statements

#### 1. *Extraordinary and Compelling Circumstances*

First, courts must determine whether a defendant has extraordinary and compelling reasons meriting sentence reduction. *See, e.g., U.S. v. Johnson*, No. 17 CR 50051, 2020 WL 4557042, at *2 (N.D. Ill. Jun. 10, 2020). The Sentencing Commission identified four situations indicative extraordinary and compelling reasons, including:

> The defendant is suffering from a "terminal illness" or his physical or mental condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1.B1.13 cmt. n.1(A).

The Sentencing Commission policy statements acknowledge the courts' discretion in deciding which circumstances qualify as extraordinary and compelling: "[t]he court is in a unique position to determine whether the circumstances warrant a reduction

(and, if so, the amount of the reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement . . ." U.S.S.G. § 1.B1.13 cmt. n. 4.

Pira presented ample evidence he suffers from a "terminal illness" from which he is not expected to recover and which, in light of the COVID-19 pandemic, "substantially diminishes [his] ability . . . to provide self-care within the environment of a correctional facility." U.S.S.G. § 1.B1.13 cmt. n. 1(A). On March 18, 2020, Pira was diagnosed with lung cancer, a condition identified by the CDC as increasing the risk of severe illness from COVID-19. (Dkt. 399, Exs. C, D); *see People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (accessed May 6, 2021) ("CDC Guidance"). Pira underwent an upper lobectomy to remove a cancerous tumor from his lung, during which a portion of his lung was removed, in October 2020 and remained in the hospital until November 12, 2020. (Dkt. 406 at 21, 42). Pira's doctors notified him he needed to undergo chemotherapy to continue treatment of his lung cancer on February 17, 2021. (Dkt. 406 at 8). Chemotherapy, like lung cancer, is regarded by the CDC as increasing the risk of severe illness from COVID-19. *See* CDC Guidance. Based on his cancer diagnosis, FCI Elkton medical officials determined Pira suffers a "terminal or incurable disease and [has] a life expectancy of 18 months or less." (Dkt. 399 at 16).

In addition to his lung cancer diagnosis, Pira suffers several heart problems, including mitral regurgitation, coronary artery disease, and chronic hypertension.

(Dkt. 406 at 11, 49). According to the CDC, hypertension may increase the risk of severe illness from COVID-19. *See* CDC Guidance. Additionally, the presence of comorbidities is cumulative, and the more an individual suffers, the greater the likelihood of severe illness from COVID-19. *See id.*

Finally, Pira previously contracted COVID-19 on March 30, 2020, and suffered severe complications. (Dkt. 406 at 228–32). Pira contracted pneumonia, was placed on a ventilator, and remained intubated for 42 days. (Dkt. 406 at 108, 175, 227). While Pira was removed from the ventilator in spring 2020, he spent the summer in the hospital recovering and was not released from the hospital until September 2020. (Dkt. 399 at 14; Dkt. 406 at 70). During this period of hospitalization, Pira's cancer treatment had to be delayed. (Dkt. 406 a 31). In total, Pira spent the majority of 2020 in the hospital. (Dkt. 405 at 10).

Even though Pira received the initial dose of the COVID-19 vaccine on March 1, 2021, his overall health history nonetheless constitutes a grievous risk. Pira is 68 years old and suffers multiple risk factors, including terminal lung cancer. (Dkt. 405 at 7). Pira's medical conditions present an extraordinary and compelling circumstance warranting sentence reduction.

### 2. *Danger to the Community*

Next the Court must determine whether Pira is a danger to his community as provided in 18 U.S.C. § 3142(g). U.S.S.G. § 1.B1.13(2). The relevant factors are: (1) the nature of the charged offense; (2) Pira's history and characteristics, including his character and whether he was on parole or probation at the time of the offense;

and (3) the nature and seriousness of the danger to the community posed by Pira's release. 18 U.S.C. § 3142(g)(1)–(4). Pira's crime, while serious, was nonviolent. It does not appear Pira was on probation or parole at the time of his crime. Although Pira does have a criminal history beyond the present offense—a forgery conviction on August 2, 1994, a conspiracy conviction on July 14, 1994, and a fraud conviction on December 16, 2003—while incarcerated at FCI Elkton, Pira has incurred no disciplinary actions, worked at the FCI Elkton recreation center when able, and is subject to low scrutiny. (Dkt. 399 at 13; Dkt. 405 at 2, 9). Additionally, Pira is 68 years old, and the risk of recidivism reduces with age. *See, e.g., U.S. v. Reyes*, No. 04 CR 970, 2020 WL 1663129, at *3 (N.D. Ill. Apr. 3, 2020). The Court is hopeful Pira will lead a law-abiding life after release with the time remaining him. Pira enjoys a close support system in his family, to whom he hopes to return and live with if released. (Dkt. 399 at 29). Finally, Pira's enfeebled physical state, limited life expectancy, and need for ongoing and taxing medical treatment render him a minimal risk to the community.

### 3. *Consistency with Policy Statement*

The Court must consider whether a reduction comports with applicable policy statements issued by the Sentencing Commission. U.S.S.G. § 1.B1.13(3). Any "reduction made pursuant to a motion by the Director of the Bureau of Prisons for the reasons set forth in subdivisions (1) and (2) is consistent with this policy statement." U.S.S.G. § 1.B1.13 cmt. n. 5. As discussed above, the Application Notes to U.S.S.G. § 1.B1.13 provide extraordinary and compelling reasons exist based on certain

medical conditions, age, and family circumstances of the defendant, among other reasons. Thus, the policy statements issued by the Sentencing Commission even before the passage of the First Step Act included an open-ended provision broad enough to cover the circumstances argued by Pira. *See, e.g., U.S. v. Hall*, No. 12 CR 851-3, 2021 WL 873061, at *2 (N.D. Ill. Mar. 8, 2021).

### B. Section 3553(a) factors

Finally, § 3582(c)(1)(A) requires courts to consider the factors regarding imposition of an appropriate sentence set forth in 18 U.S.C. § 3553(a). *See, e.g., Hall*, No. 12 CR 851-3, 2021 WL 873061, at *2. The most relevant factors include (1) the nature and circumstances of the offense, and the history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the crime; (3) to afford adequate deterrence; (4) to protect the public; and (5) to provide the defendant with the needed educational or vocational training. *See, e.g., id.* As discussed above, Pira's crime was serious and he has only served about 37% of his sentence, which militate against a sentence reduction. However, the sentence Pira served is enough to effectively deter others from similar crimes. Additionally, Pira's crime was non-violent and he is not a danger to the community in this regard. Pira is 68 years old, further reducing the risk of recidivism.

Additionally, Pira is already sentenced to 5 years of supervised release. (Dkt. 354). Pira's liberty will continue to be restricted in a significant way for the next 5 years or, given his prognosis, for the remainder of his life.

## II. Motion to Alter or Amend Judgment

Pira has also filed a Motion to Alter or Amend Judgment. (Dkt. 393). Pira believes that the Court committed Due Process violations requiring a new trial or amended judgment. (Dkt. 393 at 1–7). However, as the Court has reduced his prison sentence to time served, Pira's motion is now moot.

## CONCLUSION

The § 3553(a) factors and the Sentencing Commission's policy statement, considered in concert, permit the Court in its discretion to find Pira qualifies for compassionate release based on extraordinary and compelling circumstances. The Court grant's Pira's motion to reduce his sentence under 18 U.S.C. § 3582 and reduces his prison sentence to time served. (Dkt. 399). Pira must still submit to the 5 years of supervised release to which he was already sentenced. Pira's motion to Alter or Amend Judgment is terminated as moot. (Dkt. 393).

_____
Virginia M. Kendall
United States District Judge

Date: June 15, 2021